IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JASON GAZA

    Plaintiff,

v.                           Case Number 8:18-cv-180-T-26TGW

DIVERSIFIED CONSULTANTS, INC.

    Defendant
_____/

## COMPLAINT

Plaintiff brings this action against Defendant, on the grounds and the amounts set forth herein.

### II. PARTIES

1. Plaintiff is a natural person and consumer residing in Pasco County, Florida.

2. Defendant is a Florida for-profit corporation whose principal place of business is in Jacksonville, Florida.

3. Defendant, a self- described "debt collector" that attempts to collect consumer debts by repeatedly calling individual's cellular telephone numbers from the Defendant's automated telephone dialing system, including pre-recorded variety messages, in an attempt to collect a

debt from Plaintiff that Plaintiff did not owe to Defendant.

### III. JURISDICTION AND VENUE

4. Venue in Federal Middle District of Florida is proper in this action because the Plaintiff resides in the district all events arising in this action occurred in the district, which falls within the jurisdiction of the Middle District of Florida, Tampa Division. Jurisdiction is conferred on this Court by 28 U.S.C. 1331 and 28 U.S.C. 1367.

### IV. FACTUAL ALLEGATIONS

5. Plaintiff is a consumer, but does not owe Defendant nor any known subsidiary of Defendant a debt.
6. Defendant is a debt collector.
7. This action arises out of a series of approximately 70 autodialed calls placed by Defendant to Plaintiff's cellular telephone number ending in 0952 Upon information and belief, Defendant's calls to Plaintiff's cell phone are of the "wrong number" variety.
8. Since November 26, 2016, Plaintiff was, and has been, the owner and subscriber of her cellular telephone number ending in 0952 through T-Mobile.

9. At no time has Plaintiff ever received any compensation relating to any settlement in a class action lawsuit for Defendant's TCPA violations.

10. Defendant began calling Plaintiff's cell phone, which is believed to have begun on or before October 2017 and continued until at least December 2017.

11. Upon information and belief, Defendant on separate instances has placed the auto-dialed telephone calls to Plaintiff's cellular telephone number using their respective automated telephone dialing equipment, without human intervention. The automatic telephone dialing system ("ATDS") nature of the calls were self-evident, as the calls would also be prefaced by various clicks, delays and pauses at the beginning of each call, which are traits indicative of ATDS equipment, included messages of the pre-recorded variety.

12. None of the calls at issue were placed by Defendant to Plaintiff's aforementioned cellular telephone numbers for "emergency purposes" as specified by the TCPA, 47 U.S.C. §227(b)(1)(A).

13. On information and belief, Defendant placed its respective telephone calls to Plaintiff's cellular

telephone number using a predictive dialer, as well as, other known autodialing systems/ATDS. Each call that Defendant placed to Plaintiff was made using an "automatic telephone dialing system" that has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C. §227(a)(1).

14. Upon information and belief, Defendant used an automatic telephone dialing system, a predictive dialing system, (as defined by the Federal Communications Commission's interpretation of automatic telephone dialing system under the Telephone Consumer Protection Act to place calls to Plaintiff's cellular telephone number during the last four years.

15. The TCPA provides in 47 U.S.C. 227(b)(3):

(3) **PRIVATE RIGHT OF ACTION.**—A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State— (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a

violation, or to receive $500 in damages for each such violation, whichever is greater, or (C) both such actions. If the court finds that Defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

16. Defendant's respective violations of the TCPA were willful and knowing.

17. Plaintiff is entitled to damages of $1,500.00 for each call willfully placed to her cellular telephone numbers. In the event the Court finds the calls were not willful then Plaintiff is entitled to damages of $500.00 per call.

18. By Defendant calling the Plaintiff's cellular telephone number without express consent and in direct violation of Plaintiff's instructions, Defendant willfully and knowingly violated the TCPA.47 U.S.C. 227.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant for the following:

(1) Judgment be entered against Defendant pursuant to

47 U.S.C. 227(b)(3) for damages of $1,500.00 for each respective call willfully or knowingly placed to Plaintiff's cellular telephone number. In the event the Court finds the calls were not willful or placed knowingly then Plaintiff is entitled to damages of $500.00 per call;

(2) Fair and reasonable costs of this action, including court costs, where provided for by law;

(3) Such other and further relief that the Court deems just and proper.

 

**s/W. John Gadd**

W. John Gadd

FL Bar Number 463061

**Bank of America Building.**
2727 Ulmerton Rd. Ste. 250

Clearwater, FL 33762

Tel - (727)524-6300

Email - wjg@mazgadd.com